## WELLS vs. HUNTER.

Appeal from the court of the sixth district.

Martin, J delivered the opinion of the court. The plaintiff obtained an injunction against the defendant, to prevent the levy of

When a judgment dissolving an injunction is given on a plea to the merits, it forms *res judicata* on the matters at isseu.

West'n Dis'ct
*October*,1826.

WELLS
*vs.*
HUNTER.

Writing is not of the essence of a contract but the evidence of it.

an execution against a third person on a slave, part of the property of the plaintiff's ancestor, the injunction was dissolved on the plea of the general issue, the district court being of opinion that the law and evidence were in favor of the defendant.

The plaintiff even procured a deed of sale from M'Laughlin, to himself and his co-heirs, stating the slave had been purchased and paid for by their ancestor. On this injunction was obtained, and the defendant pleaded the general issue, and the *res judicata,* by the former suit. The injunction was dissolved and the plaintiff appealed.

It is objected here on his part, that the dissolution of an injunction, is not a judgment which forms a *res judicata,* and that the title given by M'Laughlin, since the dissolution of the first injunction, cannot be said to have been acted on.

A judgment dissolving an injunction is very often as one of non suit, and form then no *res judicata,* but here the dissolution took place after a plea of the general issue, and the evidence was held to be in favor of the defendants.

The deed of M'Laughlin, obtained since

the dissolution of the first injunction is
only an evidence of the contract by which the
plaintiff's ancestor acquired a title to the
slave ; and the latter is in the hands of the
heirs as assets of their ancestor's estate.

A contract is to be considered abstractedly,
free from its form, the instrument which is the
evidence of it ; the one is the nut, the other
the kernel. The writing is resorted to, in order
to perpetuate the remembrance of the con-
tract, but it is not of its essence. *Fiunt scrip-
turae, ut quod actum est, per eas faciliter
probari poterit, et sine his autem valet quod
actum est, si habeat probationem. L. 4. ff. de
pign. 20, 1.*

The civil code, 310, art. 241, requires
every covenant, tending to dispose of a slave,
to be written. But it does not avoid a cove-
nant merely oral : since it provides, that if
the covenant be denied, its existence shall not
be proven by parol : a negative pregnant
with the affirmative, that it may, by the admis-
sion of the party in the pleadings in his judi-
cial confession.

Thus also the code 344, art. 2, requires all
sales of slaves to be written, and declares oral
ones *null.* But the immediate provision that

West'n Dis'ct
*October* 1826.

WELLS
*vs*
HUNTER.

no parol proof shall be received of an oral sale, and the preceding clause just commented on, shew that the nullity is not an absolute one, but a qualified one, in case no other proof be offered but by parol.

This construction gives effect to every word used by the legislature, and therefore is the soundest. It gives effect also to the contracts of men when admitted or duly proven, *ut res magis valeat quam pereat.*

We conclude that the effect of the *res judicata* on the alleged title, cannot be avoided by the acquisition of new evidence in support of it, obtained since the present judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Scott* for the plaintiff, *Thomas* for the defendant.